IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW L. WALTERS, SR.,

                                                             OPINION AND ORDER

          Plaintiff,

                                                            16-cv-665-bbc

    v.

JULIE DAHM and SARAH FELTES,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Matthew L. Walters, Sr. is proceeding in this case on claims that defendants Julie Dahm and Sarah Feltes were responsible for holding him past his proper release date, in violation of the Eighth Amendment. Defendants filed a motion for summary judgment in which they concede that the Wisconsin Supreme Court's decision in <u>State v. Obreicht</u>, 2015 WI 66, 363 Wis. 2d 816, 867 N.W.2d 387, clarified the calculation of sentencing credit and that application of the procedure set out in that decision shows that plaintiff was held in prison longer than he should have been. Dkt. #27. However, defendants deny that they are liable for a constitutional violation because they were not deliberately indifferent to plaintiff's release date , they facilitated his release the same day they learned he was entitled to release and, in any event, they are entitled to qualified immunity.

Plaintiff's deadline for responding to the summary judgment motion was December

1

28, 2017, but he did not file any brief in opposition. Instead, he moved to amend his complaint to add several new defendants and a new claim regarding calculation of his sentence. Dkt. #26. On December 29, 2017, I denied that motion and gave plaintiff an extension of time until January 16, 2018, to file a brief in opposition to defendants' motion for summary judgment. Dkt. #34. After the order was returned to the court as undelivered, the clerks' office determined that plaintiff was in the Columbia County jail. The court re-sent the December 29, 2017 order and gave plaintiff another extension, to February 9, 2018, to file his brief in opposition. Dkt. #36. On February 9, the court granted plaintiff's request for yet another extension, giving him until March 14, 2018 to file his opposition brief, but warned plaintiff that the court did not intend to grant any more extensions of his opposition deadline. Dkt. #38. Nonetheless, instead of filing his opposition brief, plaintiff has requested another extension of deadline on the ground that he has been unable to prepare a response because he has only part of his legal materials. Dkt. #39.

I will deny plaintiff's request for another extension of his deadline. Although I understand that it may be difficult for plaintiff to draft a response without all of his legal materials, he has not even attempted to respond to defendants' motion despite receiving multiple extensions of time in which to do so. Moreover, plaintiff has not identified what legal materials he needs or why he thinks access to materials would make a difference in his ability to draft a response. At this point, more than three months have passed since plaintiff's original deadline and trial is scheduled in approximately two months. Because plaintiff has failed to identify any legitimate justification for further delay, I have considered

defendants' motion for summary judgment on the merits. For the reasons discussed below, I am granting defendants' motion.

UNDISPUTED FACTS

In June 2015, plaintiff Matthew Walters, Sr. was an inmate housed at Fox Lake Correctional Institution, where he was serving a prison sentence after his probation had been revoked. At some point before June 5, 2015, plaintiff petitioned the Circuit Court for Vilas County for sentence credit for time spent in custody prior to his revocation. On June 5, the circuit court issued an amended judgment of conviction that gave plaintiff an additional 90 days of pre-sentence credit. That same day, plaintiff sent an information request to defendant Julie Dahm, a corrections sentencing associate at Fox Lake, to let her know he had received the additional 90 days pre-sentence credit. Plaintiff noted that the credit should move his release date to July 2015, rather than October 2015.

Defendant Dahm responded to plaintiff that same day, explaining that she had received the amended judgment of conviction and that the additional 90 days would not change his projected October release date, but would be applied to his maximum discharge date (the date on which plaintiff would have served all of his time in prison and on extended supervision). At that time, the Wisconsin Department of Corrections interpreted Wis. Stat. § 302.113(9)(am) and (b) to require that sentencing credit awarded by a court after revocation be applied to reduce parole, rather than reduce the reincarceration period ordered by the Department of Hearings and Appeals.

3

After defendant Dahm recalculated plaintiff's sentence, she forwarded her calculations to her supervisor, defendant Sarah Feltes, who was the offender records supervisor at Fox Lake. On June 9, 2015, Feltes entered plaintiff's sentence in a tracking spreadsheet and sent it to the Centralized Records Office at Dodge Correctional Institution for review and approval. Centralized Records reviewed and approved plaintiff's sentence computation on June 15 and sent it back to Fox Lake the next day. Dahm received plaintiff's file on June 17, completed a "notification of sentence data" form and sent the information to plaintiff. Because plaintiff was scheduled to be released within about four months, Dahm placed his file on a shelf designated for inmates with upcoming releases. Dahm's practice was to pull inmates' files within three to four months of their release date to perform a 90-day release check.

On July 8, defendant Dahm completed plaintiff's 90-day release check. Dahm then placed plaintiff's file in a file cabinet drawer designated for releases and organized by release date. At the time, Dahm was not aware that the Wisconsin Supreme Court had issued a decision the day before, on July 7, 2015, in State v. Obriecht, 2015 WI 66, 363 Wis. 2d 816, 867 N.W.2d 387, that required the Wisconsin Department of Corrections to change its long-standing administrative practice of applying pre-sentence credit to an inmate's maximum discharge date, rather than to the period of reconfinement time after revocation of extended supervision or parole. Specifically, the state supreme court held in Obriecht that sentence credit given by a court after a revocation and reconfinement should be applied to reduce the incarceration period, rather than parole, even if the reincarceration order itself

4

was not issued by the court. Id. ¶ 48.

On July 16, 2015, the Wisconsin Department Corrections' central office advised the institution staff that the Office of Legal Counsel was reviewing the Obriecht decision and that staff should wait for further direction before taking any actions on the inmates' files. On July 17, defendant Feltes received a list of 385 inmates housed at Fox Lake whose files required auditing in light of the Obriecht decision. Feltes was instructed to pull the files as a preliminary step, but was instructed to wait for further direction from the central office on proceeding with the audits. On July 24, the Centralized Records Office sent an email with additional information about the Olbriecht ruling and the types of sentences that would be affected. According to the email, the department was working on an implementation process for auditing the files that were potentially affected. On August 11, the department held a teleconference with the institution records staff responsible for calculating the inmates' sentences to provide instruction on the implementation of the decision and the audit of the files. Dahm was out of the office that week and was unable to participate in the training; however, she received all the training materials on August 14.

Defendant Dahm and a coworker at Fox Lake began auditing the files of the 385 inmates housed at the institution whose files might have been affected by the Obreicht decision. Initially, Dahm was responsible for auditing the files of the inmates whose last names began with M through Z. Dahm's coworker was also conducting audits, but had numerous absences between July and September and resigned from her position unexpectedly on September 14, leaving Dahm responsible for completing sentence

computation reviews on her own.

Defendant Dahm did not review plaintiff's file until October 9. She recalculated the sentence using the post-Obriecht administrative practice by subtracting the additional pre-sentence credit of 90 days from the ordered reconfinement period. Dahm realized that plaintiff's new release date should have been July 23, 2015. Dahm faxed plaintiff's computation records and a proofing slip to Centralized Records for review and approval. After Feltes and Dahm met with plaintiff to tell him of the decision, he was released that same day, October 9, 2015.

OPINION

"A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail [or prison] for longer than he should have been due to the deliberate indifference of corrections officials." Childress v. Walker, 787 F.3d 433, 439 (7th Cir. 2015). See also Figgs v. Dawson, 829 F.3d 895, 902-03 (7th Cir. 2016); Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001). However, "[d]eliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, he ignored a known risk." Figgs, 829 F.3d at 903; Armato v. Grounds, 766 F.3d 713, 719–20 (7th Cir. 2014). In making determinations about a prisoner's release date, a prison official's reliance on "a reasonable interpretation of a state statute" is not deliberate indifference, even if the interpretation is ultimately incorrect. Armato, 766 F.3d at 721; Campbell, 256 F.3d at 701.

Plaintiff contends that defendants acted with deliberate indifference by failing to calculate his release date properly after receiving the order awarding sentencing credit from the Circuit Court for Vilas County. Plaintiff argues that as a result of defendants' deliberate indifference, he was held until October 9, 2015, when he should have been released three months earlier, in July. However, the evidence in the record does not support a finding of deliberate indifference. Instead, the record shows that when defendant Dahm received the circuit court's order, she applied the sentencing credit using the Wisconsin Department of Corrections' long-standing interpretation of state statutes applying to sentencing credit. That interpretation was not unreasonable, in light of the fact that both the circuit court and court of appeals had agreed with the department's interpretation in the Obriecht case. Obriecht, 2015 WI 66, ¶ 18. Dahm then sought and received confirmation of her sentence calculation from her supervisor, defendant Feltes, and the Centralized Records Office at Dodge Correctional Institution. Dahm's and Feltes's reliance on the department's interpretation of the applicable statute and the confirmation of their supervisors was not deliberate indifference.

When defendants Dahm and Feltes received news of the Supreme Court's decision in Obriecht, they awaited instruction from their supervisors before proceed with auditing the inmate files that were potentially affected. After defendants received instruction, Dahm and another coworker reviewed 385 inmate files. Because Dahm was proceeding alphabetically and had little help, Dahm did not review plaintiff's file until October, nearly three months after he should have been released under the ruling in Obriecht. It is unfortunate that the

Department of Corrections did not provide more assistance to Dahm and other records custodians responsible for the audits after Obriecht. However, plaintiff has submitted no evidence that would support a conclusion that Dahm or Feltes intentionally or recklessly delayed the review of plaintiff's file or otherwise acted with deliberate indifference. Instead, they expedited plaintiff's release as soon as they discovered that his sentence was affected by Obriecht and that he should have been released months earlier. Under these circumstances, defendants are entitled to summary judgment.

ORDER

IT IS ORDERED that

1. Plaintiff Matthew L. Walters's motion for an extension of his summary judgment response deadline, dkt. #39, is DENIED.

2. The motion for summary judgment filed by defendants Julie Dahm and Sarah Feltes, dkt. #27, is GRANTED.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 2d day of April, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge